We'll hear argument now in the case of Ortiz against Martinez Mr. Brigham. May it please the court, counsel. My name is Philip Brigham and I represent the petitioner in this matter, Mr. Julio Ortiz. In August 2011, Mr. Ortiz and the respondent took a trip to the United States with their two children. After about a week, Mr. Ortiz returned to Mexico, which is where they came from. Respondent was supposed to return about a week later, but she did not. She remained here in the United States and then in May of 2012, Mr. Ortiz filed his petition for return of the children pursuant to the Hague Convention on Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act. After a trial, which was held in March 2013, the district court found that the children had been wrongfully removed, but that they did not need to be exceptions under the Hague Convention and under the International Child Abduction Remedies Act. The first of these exceptions that the judge addressed was the exception that's often referred to as the mature minor exception or the wishes of the child exception. Now in that particular exception, the judge found that it was not an affirmative defense and we are alleging that it is an error for the court to have done that. But the plain language of the International Child Abduction Remedies Act makes it clear that that is in fact an affirmative defense. The burden of proof for that particular exception lies or rests with the defendant by a preponderance of the evidence pursuant to 22 U.S.C. 9003b2. And that in which it is referred to as an exception. There are other exceptions that are raised under Articles 12 and 13 of the Hague Convention on the Civil Aspects of International Child Abduction. Those are all deemed to be affirmative defenses and there's no reason that this would not be as well under the plain language of the statute. What is the implication of that point for your client? Let's assume that it is an affirmative offense, defense, under the statute at least. How was your client harmed? The judge found that the child was a mature child and his wishes were that he would remain in the United States. However, that defense, counsel for the respondent attempted to raise that defense as an affirmative defense, that motion was denied by the court. Had that been granted, it would have been granted at a time subsequent to the report of the expert, subsequent to a significant passage of time between the time that the complaint was filed and the trial itself, with approximately a month between the time that the motion itself was filed and the trial. It would have necessitated reopening discovery in a case that is supposed to be resolved expeditiously. The goal within the convention itself is a resolution within six weeks and by this time it had already been. My point is I'm having difficulty seeing whether you're arguing that the opposing side did not make its burden of proof on the affirmative defense or whether you're arguing that your client did not have an adequate opportunity to respond to the suggestion that the wishes of this young man ought to be considered. Your position would be principally that we didn't have an opportunity to respond in the first point to the allegations because the expert had already completed his report and this was not one of the subjects the expert was attempting to it was instructed to address in his investigation into the children and also because of the extreme passage of time that the undue influence exerted by the respondent on the child in this case would have created a situation which influenced the child's decision in this case and wouldn't actually be the child's decision itself. Did you ask for an opportunity to present your own expert? Your Honor what we requested when we filed a response to the motion to amend that was filed by respondent asking that that motion be denied and that we proceed on the merits of the originally filed of the amended complaint and the answer to that amended complaint and the district court took that motion filed by respondent under advisement so at that point we're proceeding to trial I'm not yet aware whether or not the that particular defense is going to be presented and ultimately the judge denied that defense saying that it was not an affirmative defense at all but something that the court could find on its own without it being raised by any party. Did at any point in the proceedings did you or your client address the issue of the son's desires? I'm not certain I understand the question. Well the son had, did you address the question of whether the son had legitimately expressed a desire to stay in the United States? We certainly raised the question of whether or not there could be undue influence with the expert when he was testifying but it was not as it was not a subject of this. So what if we were to remand it on this point what would you what would you expect us to instruct the district court to do? Well your honor at this point given the extreme passage of time and the allegations of claims that were made by the respondent herself that she voiced to the children about what my client had done to induce her to flee the country I don't even know that at this point it would it would make a difference I think the influence with a remand would just be too extreme at this point to get beyond that. Now there's another problem of course with this particular issue the treaty applies to children at 16 or younger and I'm correct this young man becomes 16 within about 10 days. Will this matter become moot at that point? Is he no longer subject to the protections of the treaty? I'm sorry your honor I don't know the answer to that question but my feeling would be that since the petition was filed prior to his 16th birthday that we could proceed without it being mooted. I have your point whether I agree with it or not is another question. Okay thank you. Certainly. The second issue that arises here is a question of whether or not the finding as to the younger child was against the manifest way to be evidence. The district court found that there was a grave risk of harm of return of the child to Mexico. The burden of proof is by clearing convincing evidence to establish grave risk of return. In this case the only evidence that was presented of that risk was the respondent's claim that she saw an incident and some testimony of the child herself that appeared to be or seemed to be coached and was exceedingly specific as to events that were alleged to have occurred between the years old. So much so that the child indicated that this activity occurred 32 times exactly. How old was this little girl? Between the ages of two and three. Kids that age tend to use figures out of the air don't they? I mean did anybody really make anything of this trial? Your honor 32 times is the exact number of weeks that mother alleged that this was happening. I see. So that would be an indication of coaching. Yes sir. Thank you. There was no mother's story is that she saw these events occur in 2010. There was no investigation that she began until a year later. She continued living in the same house with the petitioner for that entire year. She didn't take the child to a doctor or didn't present any doctor's notes, didn't present any evidence of this aside from the testimony itself. But the district court did credit the mother's testimony, am I right? That is correct. Even the expert that had been appointed in this case in order to evaluate the question of grave risk simply credited the mother's story and didn't actually address any of the issues about whether or not these events occurred with the child. Rather just took them as a given. The mother additionally indicated that she had family in other parts of Mexico but there was no reason for her to go. She didn't make no attempt to go and stay with them. She remained in the home with the petitioner and furthermore she claimed that when she did make the report some year after these incidents allegedly happened in to the Mexican authorities and to some attorneys in Mexico that these authorities and attorneys advised her to flee the country with her child. The allegations that she's made in the story that she's created while I understand that the district court credited it is absolutely incredible and as such the district court's finding as to the grave risk of harm is against the manifest weight of the evidence. What does the manifest weight of the evidence have to do with appellate review? The manifest weight of the evidence is a standard a district judge uses to determine whether to grant a new trial. So far as I'm aware it has nothing to do with appellate review. We review to see whether there are clearly erroneous findings that's what rule 52 says. So my question is why do you keep in your brief and now referring to the manifest weight of the evidence which is not a standard of appellate review? By in my brief and now when I'm referring to manifest weight of the evidence your honor it's a just using different language to try and express the sense of clearly erroneous. You want to make an appellate argument you should use the correct standard of appellate review. Well it's our position that the judge's findings in the case were clearly erroneous and as such should be reversed and we would ask the support to reverse the district court's decision with direction to that the children are to be Mr. Toman. Good morning your honors and may it please the court my name is Daniel Toman I represent or Toman either way is fine actually. I represent the appellee Ms. Zulima Juarez Martinez in this case. Your honors this court should dismiss the appeal and affirm the decision of the district court. We can't do both. Very well your honor. Affirmance will do. Your honor there are two. Why do you think we should dismiss the appeal? Your honor because the appellant has failed to meet any appellate burden in this case they simply appear to take it. It's an argument for affirmance not for lack of appellate jurisdiction. Yes your honor. Your honor there are two principal issues before the court. The first is whether their record evidence supports the district court's findings regarding the applicability of the grave risk of harm exception. The second regards whether the district court correctly applied the wishes of the child exception. If your honors find that either of these things was done in error then there's an additional question regarding whether there was any prejudice to the appellant as a regarding the grave risk of harm exception. Your honors the district court considered much more than the instances that the appellant refers to in forming the determination and reaching the conclusion that the children faced a great risk of harm such that the convention prevents their return to Mexico. The court which noted that it has experience interviewing and treating and dealing with children that have been the victims of sexual abuse followed procedures in her in-camera interview designed to elicit any issues with the testimony of the children. The appellants never objected to the form of the questions. They simply disagree with the findings. The district court also relied on the testimony of a joint expert that was agreed to by the parties. The appellants also did not object to the experts testimony at the time and had every opportunity to question him regarding any of the issues before the court. So when the district court reached the finding that the children faced a grave risk of harm if they were returned to Mexico this was not just based on certain testimony of the appellee this was based on a totality of evidence which was clear and convincing to the district court. Now was that finding made with respect to both children? Your honor specifically to the youngest to the AO the older child fell under the the other exception. There is no there is no judicial finding of harm with respect to LO? No your honor not regarding the applicability of the of article 13 as a barter return. The expert I believe did address some of the consequences that LO could suffer as a result of the situation but your honor is correct there was no 13 article 13 finding to that effect. But regarding the findings for LO the applicability of the wishes of the child exception the the court did conduct a very thorough examination of the child with counsel present. The expert was asked about the issues involved in the age and maturity exception. The matter was raised prior to the commencement of the trial. As soon as we received the report the matter was raised and a motion was filed. The appellant was on notice that this was an issue. The appellant was aware that this is something that the appellee was pursuing and the appellant had every opportunity to examine this issue to present their own testimony to present experts to request additional time to do any of these things and they failed to do so. So at the subject of an affirmative defense but it is properly something for the court to take under its own initiative to consider based on testimony. She did this after careful review of the law. She discussed it in her opinion and it was not any kind of a legal error. It's a perfectly correct interpretation of the text of the statute and of the convention. Given the text of section 9003 was the district court correct in making the determination she did that the wishes of the child is not an affirmative defense but simply a matter that the court can take into consideration? Your Honor, I believe so and the court addresses this in her decision. I think that the way that the text is, that the burdens are allocated and the way that the wishes of the child are discussed it is left to the court to make a finding. So while the evidence does need to be presented I suppose but whether it's raised as an affirmative defense or whether it's taken by the court's initiative regardless the outcome is the same. The evidence was produced, the wishes of the child were expressed and the court is then allowed to make a finding on that basis even if it wasn't raised as the defense. Your Honor, it's also I believe in the judge's opinion there is an indication, a discussion, I'm sorry, regarding the possibility that the wishes of the child could come to light as part of the case in chief. This is something that simply could happen and and so yes I do think that the district court's interpretation was correct. Moving beyond that and... Now the best interests of the wishes of the child are in what section of the convention? Your Honor, that is in the broader language of Article 13. So Article 13 has the enumerated parts at subparts A and B but then there's sort of a catch-all provision in the end. So whereas the burden is allocated clearly to the party opposing return under subparts A and B when you get to the rest of the body of the article it simply states that the that the body is able to make a determination if the child has reached an age of maturity where its views should be taken into account. So I do think it's the correct interpretation and regardless there is no error warranting any further action on that point because there's no challenge as to whether the burden was met. So whether it's raised as a defense or determined by the court after its own examination there's still no dispute that the child has reached an age of maturity where its wishes should be taken into account and that the child expressed an objection to returning. The allegation that is made is more broad regarding undue influence and coercion and even brainwashing but again this is something that was addressed or could have been addressed more thoroughly if the parties had so wished at trial and it wasn't. The expert was asked specifically about this. The court asked questions designed to determine whether there had been undue influence. When the expert was appointed was the experts mandate to look into this exception for LO as well as to look into the situation with respect to his younger sister? It was not your honor that was not part of the mandate however the questions that were posed of the expert it became clear through the questions that were posed to the expert that he was in a position to express an opinion regarding that and no objection was made at the time by the appellant. So the expert was asked is this a possibility that there could be some undue influence and the expert acknowledged it is hypothetically possible but in his professional opinion he did not think that that was the case. The expert did not say that I would need additional research. The expert did not say I would need to make further findings or or make any additional examination and in either case the appellant made no request for for time to present any additional evidence. Did the district court enter a pretrial order in this case? Your honor I don't believe so. Okay. No I don't believe so your honor. The um, maybe, anyway, sorry. Don't worry about it. Yes I find it, your honor. So in either case the wishes of the child was properly adjudicated. The matter was properly developed before the court. The expert gave opinion. The court reached a conclusion and there's no argument that it was incorrect. The only argument here is whether it was properly an affirmative defense or a matter for the court to find that it's an issue. Can you help me out with this age problem? It's, by my calculations, this young man ages out of the convention. What about May 1st? Your honor, I don't believe that the court would have jurisdiction to hear a petition involving a child who is above the age of 16. I'm not aware of any authority that locks the age in place at the time of filing. I just, my reading of the test is that the court would lose jurisdiction Is there any authority one way or the other? Not that I'm aware of, your honor, but I would gladly submit it. There must be other children who have gone from under 16 to 16 or more during the course of these proceedings. I agree, your honor. I imagine that the matter has come up. I'm just not aware of any authority. You're just not aware of what's happened. Correct. Okay. I can, if the court wishes, I would request the opportunity to submit a supplemental filing of a 28J letter regarding that issue. But, your honors, in either case, the appellant is not able to show that the decision of the district court regarding whether there is a grave risk of harm was incorrect under the applicable burdens. And for that reason, this court should find against them regarding the applicability of the Article 13 general exception for the wishes of the child. Again, there is no indication that the district court's decision was incorrect. Without such an indication, that determination should be left undisturbed. On appellate review, the appellant simply has not raised matters to this court that compel action and that compel disturbing the determinations of the fact finder. She made credibility determinations regarding all the witnesses. She considered the issues that the appellant raises as the appellant characterizes them as being determinant of whether or not she's credible. The district court considered all this and she ruled on this in the motion for the trial. They simply have not given a reason to disturb that finding. And respectfully, your honors, I have nothing further. Thank you, your honor. Anything further, Mr. Brigham? Briefly, your honors. The respondent just indicated that the judge's ruling as to the affirmative defense issue was based in part on an assertion that it could come up in the case in chief. What the judge actually indicated in her ruling was that it could be raised by the petitioner. Only it can't be. It is a defense under Article 13 that says the judicial or administrative authority may also refuse to return the child if it finds that the child objects. Not that it can refuse to allow the child to stay, but only that it can refuse to return the child to its country of habitual residence. If the child objects. That's not something that can be argued by the petitioner. To argue that by the petitioner would be to argue a best interest question that it is in fact better for the child. And best interest is not the subject of these petitions. The second point I'd like to make, your honors, is as to the joint expert. While it's true that we didn't object to the joint expert's testimony, it's not our burden to establish that the grave risk of harm doesn't exist. It's the burden of the respondent to establish by clear and convincing evidence that it does. The joint expert did not question the child about whether or not the grave risk of harm occurred, but merely took that as a given. And as such, his testimony, in addition to the testimony of mother and what we present as the coach testimony of the minor, doesn't add anything to it. He's just taking the story that's given him by mother and child as true. And based on these reasons, your honor, we would ask that the decision be reversed. Thank you. Thank you very much. The case is taken under advisement.